UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMIE J. MIERA, JR.,

        Plaintiff,

vs.                             Case No. 2:09-cv-142-29DNF

NATIONAL CITY MORTGAGE, a division
of National City Bank of Indiana,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant National City Mortgage's Motion to Dismiss Complaint (Doc. #10). Plaintiff filed a Memorandum of Law in Opposition (Doc. #11) to defendant's Motion to Dismiss. For the reasons set forth below, the motion is denied in part and granted in part.

**I.**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274

(11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274.

Under the Twombly standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." 550 U.S. at 555. Generally, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In addition, Rule 9(b) of the Fed. R. Civ. P. requires that claims of fraud be pleaded "with particularity." Fed. R. Civ. P. 9(b). This "particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., No. 07-13421, 2008 U.S. App. LEXIS 22066, at *9 (11th Cir. July 24, 2008) (internal quotations omitted). Alternatively, dismissal is

warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

During 2005 and 2006, National City Mortgage (defendant or National City), a mortgage lender, underwrote a substantial number of loans for the purchase of lot/home packages in the Southwest Florida area. Many of these loans were issued on behalf of out-of-state investors. During the same time period, National City solicited local builders such as Construction Compliance, Inc. (CCI) to market and promote its lending services to real estate investors.

In particular, National City, through one of its loan officers, Luis Rios (Rios), worked closely with CCI's Senior Vice President of Sales and Marketing, Jason Ingram (Ingram), to establish a marketing campaign directed toward the Hispanic population of Southwest Florida. Through financing provided by National City, CCI offered prospective investors the opportunity to build new homes with no money down. Rios ensured that the CCI-related loans were underwritten with little scrutiny despite questionable appraisals, CCI's poor financial condition, and a backlog of construction projects.

Jimmie Miera, Jr.'s (plaintiff or Miera) claims arise out of two financial transactions executed on January 27, 2006 in which defendant financed plaintiff's purchase of two lot/home packages in Charlotte County, Florida.

Plaintiff contends that National City's misrepresentations and omissions of material facts "were part of a pattern of fraudulent conduct" (Doc. #2, ¶ 27) which induced him to enter into the subject transactions. Specifically, plaintiff alleges that Rios and Ingram represented to him that CCI would pay interest on the construction loan and that the homes would be finished within one year. Miera alleges that, in actuality, construction loan interest was deducted from his loan balance, and that he was left with unfinished homes after National City stopped funding the construction loans.

Furthermore, plaintiff alleges that National City and/or Rios knew, but failed to advise him of the following material facts: (1) that appraisals of the lot/home packages were inflated and unreliable; (2) that CCI was not able to commence and complete home construction within the time frame of the construction agreements; (3) that there was a delay in obtaining permits and materials for construction; and (4) that the housing market in Southwest Florida was in decline. Plaintiff contends that National City authorized these acts and representations in order to induce him to enter into the notes and mortgages.

Moreover, plaintiff asserts that National City administered

construction draws improperly by allowing CCI "to commingle monies dispersed from Miera's mortages with monies dispersed from other mortgages" (Doc. #2, ¶ 25) and by allowing money from Miera's mortgages to be used for purposes other than the improvements on Miera's lots.

Miera claims that as a result of National City's actions and omissions, he suffered damages through "loan balances [which] are substantially greater than the true fair market value of the properties" (Doc. #2, ¶ 23) and through "excessive closing costs and fees" (Doc. #2, ¶ 26). In addition, Miera claims that each of his two lots are burdened by liens in excess of $8,000 as a result of National City's failure to exercise reasonable care in dispersing construction loan proceeds to CCI.

In a letter dated December 5, 2008, plaintiff's counsel tendered the security under the notes and mortgages to defendant and demanded rescission. Defendant failed to accept the offer by plaintiff's December 9, 2008 deadline. On December 9, 2008, Miera filed a four-count Complaint (Doc. #2) against National City Mortgage alleging fraud (Count II), breach of fiduciary duty (Count III), and violations of the Florida Construction Lien Law, FLA. STAT. § 713.06 (Count IV). On the same underlying facts, plaintiff seeks rescission of the notes and mortgages executed with defendant (Count I). Defendant argues that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

The Court has reviewed Miera's Complaint in light of its

recent ruling in Cohen v. National City Mortgage and finds that it presents very similar issues. See Case No. 2:08-cv-00578-FTM-29DNF (Doc. #26 attached). Therefore, the results will be similar.

**III.**

In Count I, Miera seeks rescission of the notes and mortgages executed in reliance on defendant's fraudulent conduct. Defendant claims that rescission is improper since the parties cannot be put back into their pre-agreement positions and because plaintiff has an adequate remedy at law.

As in Cohen, Miera's claim for rescission is grounded on allegations of fraudulent conduct on behalf of National City. Plaintiff adequately pleads the elements of a claim for rescission with the exception of the inadequacy of a legal remedy. See Billian v. Mobil Corp., 710 So. 2d 984, 991 (Fla. 4th DCA 1998) (listing the elements of a claim for rescission). Since fraud by National City is alleged as the reason that the *status quo* cannot be restored, Miera is excused from pleading this element. Bass v. Farish, 616 So. 2d 1146, 1147 (Fla. 4th DCA 1993). The motion will be denied on this basis.

**IV.**

Count II of the Complaint outlines Miera's specific fraud allegations. Defendant argues that plaintiff's fraud claims should fail since they are not pleaded with requisite specificity. Defendant also argues that in the absence of a fiduciary duty, a

nondisclosure of material fact is generally not actionable under Florida law.

Plaintiff's fraud allegations based on National City's omission of material facts are almost identical to those in Cohen. The Court's ruling in Cohen found that plaintiffs' fraud claims were adequately pleaded, stating that "nondisclosure of a material fact may be deemed fraudulent where the other party does not have equal opportunity to become apprised of the fact." Ramel v. Chasebrook Constr. Co., 135 So. 2d 876, 882 (Fla. 2d DCA 1961); see also Billian, 710 So. 2d at 989 (noting that "rescission is also proper where there has been intentional concealment of any fact material to the transaction"). Miera's Complaint also contains additional facts supporting a claim of fraudulent misrepresentation concerning CCI's ability to complete construction within the time frame of the construction loan agreement. National City's misrepresentations and nondisclosure of material facts coupled with plaintiff's reliance on defendant's superior knowledge is sufficient to support a fraud claim under Florida law.

The facts in the Complaint also satisfy the pleading requirements of Rule 9(b) such that they will survive a motion to dismiss. Plaintiff identifies in his Complaint the specific nature of the omissions and misrepresentations made, the name of responsible National City and CCI agents, the subject time frame, and how National City benefitted through its fraudulent conduct. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir.

2001)(listing pleading requirements of Rule 9(b)).

### V.

In Count III, plaintiff claims that National City breached its fiduciary duty by failing to disclose the same facts referenced above. The Court agrees with the defendant that plaintiff's claim for breach of fiduciary duty is foreclosed by Florida's economic loss rule.

The economic loss rule prohibits an action for breach of fiduciary duty where "the claim of breach is dependent upon the existence of a contractual relationship between the parties." Detwiler v. Bank of Cent. Fla., 736 So. 2d 757, 759 (Fla. 5th DCA 1999). Stated otherwise, a tort claim for breach of a fiduciary duty is foreclosed where the parties' relationship is entirely dependent on the existence of a contract. Indem. Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 537 (Fla. 2004).

Just as with the Cohen plaintiffs, Miera's entire relationship with National City was a contractual one, arising from the existence of the notes and mortgages. Under the facts pleaded, the economic loss rule bars a cause of action for breach of a fiduciary duty by defendant. Therefore, Count III fails to state a claim upon which relief can be granted.

### VI.

In Count IV, plaintiff alleges violations of the Florida Construction Lien Law. FLA. STAT. § 713.06. Defendant argues that

plaintiff has failed to plead sufficient facts to suggest that defendant is liable under § 713, *et seq*.

Florida law has recognized that a mortgage lender with sole authority to make construction payments has a duty to the owner to exercise reasonable care in ensuring that those payments are made in compliance with Florida's lien laws. Kalbes v. Cal. Fed. Saving & Loan Ass'n, 497 So. 2d 1256, 1258 (Fla. 2d DCA 1986). Plaintiff's Complaint alleges that National City "had sole authority on behalf of Miera to make payments from the construction loans" (Doc. #2, ¶ 57), that they "failed to properly administer the use of construction draws by CCI" (Doc. #2, ¶ 25), and that the existence of substantial liens on his properties "demonstrate[s] that National City breached its duty of reasonable care" (Doc. #2, ¶ 62) to comply with the State's lien law. The Court finds that Count IV of plaintiff's Complaint contains adequate facts and allegations to withstand defendant's Motion to Dismiss.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #10) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion is granted with respect to plaintiff's breach of fiduciary duty claim (Count III), and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of August, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge